**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Alexandra Herrera,

Plaintiff,

v.

City of Phoenix, et al.,

Defendants.

No. CV-25-01360-PHX-KML

**ORDER**

Plaintiff Alexandra Herrera seeks reconsideration of an order denying her motion to extend the deadline for lay witness depositions. (Doc. 72.) Herrera's reconsideration motion appears to misunderstand the type of diligence required to merit an extension of a deadline established by a scheduling order. At the very least, Herrera has not met the high bar meriting reconsideration.

## I. Background

On June 17, 2026, the parties filed a revised joint case management report. (Doc. 55.) In that document, the parties jointly proposed September 21, 2026, as the deadline for "commencement of lay depositions." (Doc. 55 at 9.) On June 22, 2026, the court adopted that deadline in its scheduling order. (Doc. 56 at 2.)

On July 6, 2026, defendants issued discovery requests and asked Herrera's counsel for her availability for a deposition "during the week of August 17th or August 24th." (Doc. 63-1 at 3.) Herrera's counsel responded that she was unavailable from August 17th through September 4. (Doc. 63-1 at 2.) Defendants then asked if the deposition could occur on

September 9. (Doc. 63-1 at 2.) Herrera's counsel did not respond.

On July 27, 2026, defendants again asked for possible dates to take Herrera's deposition. (Doc. 63-2 at 2.) Herrera's counsel again did not respond. On August 3, 2026, defendants stated they would notice the deposition for September 29. (Doc. 63-2 at 2.) Two days later, defendants formally noticed the deposition for September 29. (Doc. 59.) That date was beyond the September 21 deadline and there is no obvious explanation why defense counsel chose a date past the deadline. But it is clear defense counsel was delaying Herrera's deposition because they were waiting for responses to their other discovery requests. (Doc. 63 at 2.)

Responses to defendants' discovery requests were initially due in early August. On August 4, 2026, Herrera's counsel asked for a two-week extension to provide responses. (Doc. 72 at 20.) Defendants agreed to that request, making responses due August 19. Herrera's counsel then obtained an extension to August 28 (Doc. 72 at 18), an extension to September 4 (Doc. 72 at 18), and an extension to September 9 (Doc. 72 at 16). Herrera's counsel provided the discovery responses on September 9.

On September 10, defendants filed a motion seeking an extension of the September 21 deadline to take Herrera's deposition. (Doc. 63.) That motion was supported by exhibits showing efforts beginning in early July to schedule the deposition and the repeated failures to respond by Herrera's counsel. The court granted the motion, extending the deadline to October 15 for defendants to take Herrera's deposition. (Doc. 64.)

On September 18, 2026, the last business day before the September 21 deadline, Herrera filed her own motion seeking an extension of the deposition deadline. (Doc. 66.) That motion argued an associate's departure had "delayed . . scheduling depositions." (Doc. 66 at 1.) The motion did not provide evidence of this, nor any evidence showing other attempts by counsel to pursue depositions prior to the deadline. Defendants immediately filed an opposition. (Doc. 67.) Defendants' response pointed out Herrera's motion identified "no specific efforts" to schedule any depositions before the deadline. (Doc. 67 at 3.)

On September 25, the court denied Herrera's motion. The court explained it had granted defendants' request for an extension based on "defendants' showing of diligence leading up to the deadline." (Doc. 71 at 1.) Herrera's motion, however, did "not identify how [she] has been diligent throughout the period leading up to the deadline." (Doc. 71 at 1.) The court stressed that Herrera's motion had provided "no factual basis on which the court might conclude [she] had been diligent." (Doc. 71 at 2.) Herrera then filed a motion for reconsideration. (Doc. 72.)

Herrera's reconsideration motion argues the court "overlooked evidence in the record" establishing Herrera had been diligent. (Doc. 72 at 1.) That evidence was not provided with Herrera's motion but was attached to defendants' opposition. Herrera argues that evidence shows her counsel "was continuously engaged in discovery and good-faith scheduling." (Doc. 72 at 5.) The evidence Herrera cites establishes three events. First, on July 6, 2026, Herrera's counsel told defense counsel that "September is better" for defendants to take Herrera's deposition. (Doc. 72 at 31.) Second, on September 9 she told defense counsel that she planned to depose the officers. And third, on September 18, she "sought a stipulated, mutual extension to complete that discovery." (Doc. 72 at 5.) Thus, Herrera's counsel believes one statement in July, one statement in September, and an attempt to obtain an extension three days before the deadline—without ever actually seeking, proposing dates for, or noticing the depositions—qualifies as being "continuously engaged in discovery" so as to satisfy the "diligence" requirement.

## II. Analysis

Pursuant to Local Rule 7.2(g)(1), reconsideration is only appropriate upon "a showing of manifest error" or "new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." This is a high standard and a motion for reconsideration should not merely "ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (simplified).

Because the September 21 deposition deadline was established by the court's

scheduling order, Herrera's original motion to extend that deadline was subject to the "good cause" standard under Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). That standard "primarily considers the diligence of the party seeking the amendment." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the party seeking a modification "was not diligent, the inquiry should end." *Id.*

Herrera's motion for reconsideration first argues the court misunderstood the standard that applied to her request for an extension of time. According to Herrera, requests to modify a scheduling order should be analyzed under the "good-cause standard" which "is not a demanding one." (Doc. 72 at 4.) In support, Herrera cites *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).[1] The standard set forth in *Ahanchian* does not apply to modifications of a scheduling order. That is, modifications of a scheduling order are subject to the standard under Rule 16(b) that looks to diligence, with prejudice only as a secondary consideration. *Johnson*, 975 F.2d at 609. By contrast, *Ahanchian* addresses the standard for extensions of time subject to Rule 6(b)(1). 624 F.3d at 1259. That standard is much more lenient such that "requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (simplified). The two standards are not the same. *See, e.g.*, *Espinosa v. Corr. Corp. of Am.*, No. 219CV01617RFBNJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021) (*Ahanchian* does not apply to modification to scheduling orders).

Applying the *Ahanchian* standard to scheduling orders would thwart the court's ability to manage its docket. A scheduling order allows a court "to manage the cases before it efficiently and effectively." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Adopting an extremely low standard for modifying a scheduling order would require the court grant almost every requested modification, especially where the

[1] *Ahanchian* may be limited to its unique facts. *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022).

parties agree. In effect, every scheduling order would be "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (simplified). Enforcement of the "diligence" standard prevents this result.

The court applied the correct standard to Herrera's request for more time, but Herrera argues that even under that standard the court erred. Herrera claims the court overlooked evidence in the record that establishes she had been diligent. The first flaw with Herrera's argument is that the diligence required under Rule 16 "is measured by the movant's conduct during the entirety of the period of time already allowed." *Espinosa*, No. 219CV01617RFBNJK, 2021 WL 4186694, at *1. The September 21 deposition deadline was set on June 17, meaning Herrera needed to show she was diligent beginning in June. Herrera points to no such evidence.

The first evidence comes from July 6, 2026, when Herrera's counsel sent an email stating "September is better" for defense counsel to take Herrera's deposition. That email contains no discussion of Herrera's counsel wishing to schedule the deposition of any defendant. (Doc. 72 at 31.) And after saying "September is better," Herrera's counsel ignored follow-up emails from defense counsel on July 27 and August 3. (Doc. 72 at 30.) Herrera believes indicating she would prefer defense counsel take her client's deposition in September shows that she was diligent in scheduling the depositions she wanted. It does not.

On September 8, 2026, Herrera's counsel told defense counsel she would "reach out for scheduling of our depositions" the following day. (Doc. 72 at 27.) But the most she said on this topic the next day was that she "anticipate[d] scheduling depositions of the police officers." (Doc. 72 at 23.) Nothing further occurred until September 18, when Herrera's counsel "sought a stipulated, mutual extension to complete that discovery." (Doc. 72 at 5.) Emails referencing plans to seek depositions and a request for more time three days before the deadline do not come close to establishing diligence. In summary, Herrera's counsel made almost no effort to pursue the depositions in advance of the deadline.

Having failed to establish diligence, Herrera next argues denying her extension was

"manifestly unjust" and will result in "asymmetric discovery." (Doc. 72 at 9.) When one party is diligent and the other is not, it is not surprising that there may be "asymmetric discovery." Herrera also cites multiple Ninth Circuit cases she believes establish it would be an abuse of discretion to deny her requested extension of time. But those cases involved dramatically different facts than what occurred here. In one, the plaintiff noticed a deposition "more than two weeks prior to the discovery cut-off," defense counsel repeatedly requested the deposition be delayed, and the deponent did not show up at the rescheduled deposition. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1173 (9th Cir. 2007). That is not at all like the present situation of zero attempts to schedule depositions before the deadline. Another case involved a district court that granted summary judgment "before any discovery had taken place." *Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 881 (9th Cir. 2018). Herrera's counsel had three months of discovery and did effectively nought, a very different situation. It is not an abuse of discretion to deny a request for more time after a party does next to nothing for three months.

Finally, Herrera argues the court erred by denying her motion for extension of time before the deadline for her reply had expired. (Doc. 72 at 8.) As explained in the court's order denying the extension and at more length now, neither Herrera's motion nor defendants' response provided any evidence of diligence. And even assuming Herrera had provided new evidence in her reply, the court would not have considered that evidence before ruling. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (simplified). Ruling before Herrera filed a reply does not merit reconsideration.

/

/

/

/

/

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 72) is **DENIED**.

Dated this 22nd day of October, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**